UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol Marus, | ) | C/A No.: 3:06-CV-02985-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(a), D.S.C., filed on February 21, 2008. The plaintiff originally brought this action pursuant to 42 U.S.C. § 405(g) seeking a judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claims for Disability Insurance Benefits. The magistrate recommends affirming the Commissioner's denial of benefits. For the reasons stated herein, this Court agrees with the magistrate's findings.

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).   The plaintiff filed objections on March 10, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Objections

The plaintiff first objects that the magistrate erred by finding that ALJ's hypothetical questions to the vocational expert (VE) were proper. *Objs.* at 1-2.  In her

initial brief, the plaintiff argued that the ALJ erred by asking hypothetical questions to the VE which restricted the plaintiff's movement to *occasional* stooping and kneeling even though a state agency physician restricted the plaintiff's movement to *no* stooping or kneeling.  *R & R* at 12.  In his Report and Recommendation, the magistrate refuted this argument by stating:

> The hypothetical by the ALJ fairly set out Plaintiff's credible limitations. Although the State agency physicians opined that Plaintiff should not stoop or kneel, Plaintiff testified that her limitations prior to March 2002 would not preclude her from stooping, bending, or crawling.  Tr. 298-300. Further, even if the ALJ erred in not including these restrictions in his hypothetical to the VE, such error is harmless . . . [because] two of the jobs identified by the VE do not require any stooping, kneeling, or crouching.

*Id.* at 12-13.  Plaintiff's objection to this reasoning is two-fold: (1) practically, all of the jobs the VE identified require some stooping, kneeling, or crouching; and (2)the magistrate is relying on testimony from the plaintiff that the ALJ discredited.

The ALJ fairly set out the plaintiff's limitations in the hypothetical he posed to the VE because, in the state agency's physician's report, the physician finds that the plaintiff can occasionally crouch, physical movement more strenuous than either kneeling or stooping. Social Security Ruling 85-15 defines stooping as "bend[ing] the spine alone"; kneeling as "bend[ing] the legs alone"; and crouching as "bend[ing] both the spine and legs." 1985 WL 56857, *2.  "Stooping, kneeling, crouching, and crawling are progressively more strenuous forms of bending parts of the body . . ." *Id.* at *7; *see Hall v. Astrue*, No.: 2:06-cv-65, 2007 WL 2821961, *7 (W.D. N.C.

Sept. 28, 2007). The state's physician found that, though the plaintiff could never stoop or kneel, she could crouch occasionally. *Tr.* at 244. Since the plaintiff can occasionally crouch—the action of stooping and kneeling together—the ALJ's hypothetical properly characterized the plaintiff's limitations. Further, the state agency's physician's report provides support independent from the plaintiff's own testimony for the magistrate's reasoning that the ALJ's question was proper; therefore, this Court need not decide whether the magistrate erred by relying on testimony that the ALJ discredited.

Next the plaintiff objects that the ALJ failed to develop the administrative record and that substantial evidence in the record supports an award from May 1997 to October 1998 and from December 2001 to the present. The magistrate dealt with both of these arguments in his Report and Recommendation. The plaintiff does not specifically ascribe any error to the magistrate's Report on these issues, but rather she merely repeats the arguments she made in her initial brief. Therefore, these objections are not specific, and this Court need not conduct a *de novo* review thereof. *Orpiano*, 687 F.2d at 47.

## Conclusion

After a thorough review of the record, the Report and Recommendation, and the plaintiff's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

March 17, 2008
Anderson, South Carolina

                                              G. ROSS ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE